IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00611-BO

**Marden's Ark Corp.**,

        Plaintiff,

v.

**Justin Bodenhamer**,

        Defendant.

**Order**

    This matter comes before the court on Defendant Justin Bodenhamer's motion to stay discovery. D.E. 25. Bodenhamer asks the court to stay discovery and suspend the deadlines and requirements set forth in Rules 16 and 26 of the Federal Rules of Civil Procedure. He contends that the pending motion to dismiss (D.E. 19) could resolve the action entirely. So the time and expense attendant to discovery may be unnecessary. Bodenhamer thus request a stay of discovery pending the resolution of the motion to dismiss. And he also asks to be allowed 30 days after the court resolves the motion to dismiss to respond to discovery requests.

    "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion to dismiss, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Bodenhamer's motion, if granted, would dispose of the entire case. And given the arguments in the motion, if the court finds that the complaint failed to state a claim it is questionable whether Marden's Ark could remedy the deficiencies through an amendment. Along with those two factors, Bodenhamer has made plausible arguments in support of his motion, and Marden's Ark has offered similarly compelling arguments to support its position. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motion to dismiss. If the motion is granted, all the time and resources devoted to discovery will be for naught. On the other hand, given the nature of the claim, it is unlikely that delaying discovery will prejudice Marden's Ark's ability to pursue its claim if the motion to dismiss is denied.

After balancing the relevant factors, the court finds that Bodenhamer has shown good cause to stay discovery. The court grants the motion to stay (D.E. 25) and orders that, unless they agree otherwise, the parties may not conduct discovery until the court resolves the motion to dismiss. If court the denies the motion to dismiss, the parties must confer and submit an updated Rule 26(f)

report within 14 days from the entry of the order on the motion. Bodenhamer is afforded an additional 30 days after the court rules on his motion to dismiss to respond to the discovery requests propounded by Marden's Ark on July 14, 2021.

Dated: August 10, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge