IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 5:20-CV-611-BO

MARDEN'S ARK CORPORATION, )
individually on behalf of all others )
similarly situated, )
             Plaintiff, )
 )
v. )          ORDER
 )
JUSTIN BODENHAMER, a North )
Carolina individual, )
 )
             Defendants. )

This cause comes before the Court on defendant Justin Bodenhamer's motions to dismiss plaintiff Marden's Ark Corporation's complaint [DE 1] and plaintiff's amended complaint [DE 13] for failure to state a claim. For the following reasons, defendant's motions to dismiss are denied.

## BACKGROUND

Plaintiff Marden's Ark Corporation (Marden's Ark) filed this action to enforce the consumer privacy provisions of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Marden's Ark, a non-profit in Youngsville, North Carolina, alleges that on March 11, 2020 it received a prerecorded call from a number belonging to Equity Pros Realty (Equity Pros). The call was not answered and a voicemail was left stating:

> "... no commissions or other fees when your house sells. No percentage of sale price, just a one-time fee and we'll get your home sold in no time. I'll call you back tomorrow, but if you need me in the meantime, my direct line is 919-701-5551. That was 919-701-5551. Thanks again. Look forward to speaking to you soon."

DE 13, ¶25. The plaintiff called the number back and an automated system stated, "Thanks for calling Equity Pros Realty." Marden's Ark believes the call was prerecorded because it started before the answering machine began recording, it was generic, it did not identify the plaintiff in anyway, it was unsolicited, and it commercial. Marden's Ark never consented to receiving calls from defendant Justin Bodenhamer (Bodenhamer) or Equity Pros.

Bodenhamer is the founder and CEO of Equity Pros Realty in Raleigh, North Carolina. Marden's Ark alleges this call was made by Bodenhamer because Equity Pro's address is a residential location associated with Bodenhamer, Equity Pro's website is owned by Bodenhamer, and it believes that Equity Pros has at most two employees. Marden's Ark asserts that Bodenhamer violated 47 U.S.C. § 22(b)(1) when he left a prerecorded voicemail on Plaintiff's answering machine.

## DISCUSSION

I. Motion to Dismiss Original Complaint

Defendant Bodenhamer has moved to dismiss the plaintiff's original complaint [DE 1] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). As an amended complaint has been filed [DE 13], the motion to dismiss the original complaint is appropriately denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (amended complaint "renders original complaint of no effect.") (internal quotation and citation omitted).

II. Motion to Dismiss Amended Complaint

Defendant Bodenhamer has moved to dismiss plaintiff's amended complaint [DE 13] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint must allege enough facts to state a claim for relief that is

2

facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

The TCPA prohibits, with certain exceptions not applicable here, any person from making any call using a prerecorded voice to a cellular telephone number without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). Bodenhamer makes two arguments in support of his motion to dismiss: (1) that Marden's Ark has not sufficiently alleged the use of a prerecorded voice and (2) that plaintiff's allegations fail to provide any reasonable inference that Bodenhamer himself called Marden's Ark. The Court has considered the complaint in light of the applicable standard and determines that Marden's Ark has plausibly alleged that Bodenhamer violated the TCPA.

Regarding Bodenhamer's first argument, Marden's Ark has alleged that the voice message was prerecorded because it was generic and it began before the answering machine started recording, which can be characteristic of prerecorded voice messages. DE 13, ¶¶ 25-28. "Calls made using an artificial or prerecorded voice are independently actionable." *Brown v. Ocwen Loan Servicing LLC*, No. 8:18-CV-136-T-60AEP, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019). Plaintiff's amended complaint is further sufficient at this stage to allege that a prerecorded voice

3

message was left on Marden Ark's answering machine. Discovery is the appropriate time for Plaintiff to learn about the precise technology used to leave the voice message. *Wilson v. Quest Diagnostics Inc.*, No. 2:18-11960, 2018 U.S. Dist. LEXIS 212023, at *9 (D.N.J. Dec. 10, 2018).

Regarding Bodenhamer's second argument, Marden's Ark plausibly alleges that Bodenhamer must have made the call because he is the CEO and founder of Equity Pros and Equity Pros has at most two employees. DE 13, ¶¶ 26-29. "A TCPA plaintiff can establish that the defendant "made" a call through theories of direct or vicarious liability." *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (citation omitted). In order to establish direct liability, the plaintiff must show that the defendant actually, physically initiated the call at issue and include facts to support his conclusion that the defendant is the party that made the call. *Id.* Marden's Ark's amended complaint plausibly alleges that Bodenhamer himself is the person who initiated the call and recorded the voice message.

In sum, Marden's Ark has alleged a plausible claim for relief and defendant's motion to dismiss [DE 19] for failure to state a claim is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant Bodenhamer's motion to dismiss [DE 10] plaintiff's original complaint is DENIED AS MOOT. Defendant Bodenhamer's motion to dismiss [19] plaintiff's amended complaint is DENIED.

SO ORDERED, this __8__ day of September, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE